Filed 11/10/21  P. v. Dixon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C092203 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR98273) |
| v. | |
| THOMAS MICHAEL DIXON, | |
| Defendant and Appellant. | |

Defendant Thomas Michael Dixon appeals from the trial court's order on remand denying his request that the court strike his firearm sentencing enhancement.  In this court's unpublished opinion upholding a judgment entered after defendant's guilty plea to second degree murder, we remanded defendant's case "for the limited purpose of:  (1) determining whether defendant had an adequate opportunity to make a record of information that will be relevant to the Board of Parole Hearings in fulfilling its statutory obligations under Penal Code section 3051, and if not, to afford defendant and the People the opportunity to present evidence relevant to that eventual youthful offender parole

1

hearing; and (2) allowing the trial court to exercise its sentencing discretion and determine whether to strike defendant's sentencing enhancement consistent with the new authority granted by Penal Code section 12022.5, subdivision (c)." (*People v. Dixon* (Jan. 24, 2019, C085151) [nonpub. opn.].)

However, as agreed to by the parties and confirmed by this court's review of the record, on remand, the trial court only conducted the second inquiry. We agree with the parties that another remand directing the trial court to complete the first inquiry is required.

### DISPOSITION

The matter is remanded and the trial court directed to determine whether defendant had an adequate opportunity to make a record of information that will be relevant to the Board of Parole Hearings in fulfilling its statutory obligations under Penal Code section 3051, and if not, to afford defendant and the People the opportunity to present evidence relevant to that eventual youthful offender parole hearing. The judgment is otherwise affirmed.


    /s/
HOCH, J.



We concur:



  /s/
MURRAY, Acting P. J.



  /s/
KRAUSE, J.

2